UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LORENA STEWART,

             Plaintiff,                  CIV S-03-1189 PAN

    v.

JO ANNE B. BARNHART,                Memorandum of Decision
Commissioner of Social
Security,

             Defendants.

—o0o—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff supplemental security income benefits.

If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. § 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 416.920(c). Third, the medical evidence

of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 416.920(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. § 416.920(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. § 416.920(f).

Defendant found plaintiff was eligible, suffers from severe depression but no listed impairment, that plaintiff retains the capacity for most work including her past work as an in-home care attendant, and is not disabled.

This court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Commissioner's findings are supported by substantial evidence.  <u>Sanchez v. Secretary of Health and Human Services</u>, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law.  <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, <u>Richardson v. Perales</u>, 402 U.S. 389 (1971), but less than a preponderance, <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson</u>, 402 U.S. at 401.  The court cannot affirm the

2

1  Commissioner simply by isolating supporting evidence but must
2  consider the entire record, weighing evidence that undermines as
3  well as evidence that supports the  Commissioner's decision.
4  Gonzalez v. Sullivan, 914 F.2d at 1200.  If substantial evidence
5  supports administrative findings, or if there is conflicting
6  evidence that will support a finding of either disability or
7  nondisability, the finding of the Commissioner is conclusive,
8  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may
9  be set aside only if the proper legal standards were not applied
10 in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338
11 (9th Cir. 1988).

12      Plaintiff claims defendant failed to consider all of her
13 impairments, erroneously rejected her testimony, improperly
14 rejected the opinion of her treating physician, erroneously
15 rejected the opinion of a vocational expert that she could not
16 perform her past work, and failed to meet her burden of
17 demonstrating capacity for other work in the economy.

18      In August 2002, defendant found that since January 1,
19 2002, plaintiff has not been under the care of a physician for
20 hepatitis or back pain, has no objective clinical findings of any
21 medical impairment, and that no medicine has been prescribed for
22 pain.  Tr. 17.  Actually, the record shows that pain medicine was
23 prescribed in January 2002 but never again and the error does not
24 matter.  See Tr. 251.  Plaintiff argues she has a panoply of
25 impairments ignored by defendant but points only to symptoms, not
26 evidence of the "medically determined impairment" that might

3

explain them.  See 20 C.F.R.  416.905.  Nor does plaintiff explain the error of defendant's finding that there were no clinical findings of a medical impairment after January 1, 2002. Plaintiff argues that chronic neck and back pain were diagnosed in February 2002 and that a treating physician found that she suffered from a neck strain that had lasted or would last for 12 months.  The record, however, does not support these claims.  Dr. Harold Budhram checked a box on a form indicating that plaintiff's symptoms would last at least 12 months but then added two question marks.  That is hardly evidence that plaintiff suffered from a disability that would last 12 months or more.

Defendant acknowledged that plaintiff complained that back pain limited her ability to stand, walk, sit and lift.  Tr. 16.  Based upon the "void" of medical evidence after January 2002, defendant found that plaintiff's "back pain impairments are deemed to be nonsevere."  Tr. 17.  Implicitly, then, defendant found there was no medically determinable cause for her complaints and thus concluded no further explanation was required.  Plaintiff has pointed to evidence that a CT scan in March 1999 showed bulges at L3-4, L4-5 and L5-S1, but the impression was that the abnormalities were "mild" and "minimal" and it is dubious that such findings could possibly explain disabling pain, thus imposing no burden on defendant to further explain her conclusions.  Tr. 260.

Asked to assume plaintiff was limited to light work, based upon an RFC assessment made in September 2000 by a

4

consulting physician, a vocational expert testified that plaintiff could not perform her past work as a babysitter. Tr. 57. Defendant rejected the opinion because "it involved consideration of her residual functional capacity for the period which began prior to the date of her amended alleged disability onset date." Tr. 17.  It is unclear what was meant by that but what is clear is that ultimately defendant found plaintiff suffered from no physical limitations on her capacity for work and, thus, the evidence of a vocational expert was superfluous. And if the finding plaintiff could perform her past work was properly supported, then defendant was not required to undertake a burden of demonstrating there was other work in the economy that plaintiff could perform.

Lastly, plaintiff complains defendant "did not even mention [plaintiff's] treating physicians" and, by implication, thus failed adequately to explain why their opinions were rejected. The problem with the argument is two-fold: first, plaintiff does not mention what opinion she thinks should be credited and, second, whatever it may have been, she does not address defendant's conclusion that there was no medical evidence of disabling physical impairments after January 2002.

This court can find no error in the decision and it is affirmed.

Dated: August 10, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge

5